ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS V. E. D. SMITH.

Decided March 18, 1905.

**1.—Carrier of Passengers—Personal Injury—Contributory Negligence.**

In an action for personal injury to a passenger the issue of contributory negligence on his part was not raised by evidence showing that, while standing in the water closet of the car, he was thrown against a step ladder leaning against the wall of the closet by a sudden lurch of the train, in consequence of which he fell against the window, breaking the glass and injuring his face and eye.

**2.—Same—Physical Examination Under Order of Court—Postponement of Trial.**

It was not error for the court to overrule defendant's motion for an order requiring plaintiff to submit to an examination of his eye by defendant's experts, where it did not appear that such experts as defendant had, or intended to select, were near at hand, and that the trial would not be unreasonably delayed in securing their attendance.

**3.—Same—Examination by Agreement.**

Defendant was not prejudiced by the overruling of such motion where plaintiff's counsel thereupon agreed that the court might select a physician or oculist to make the examination, and an examination was so made in connection with defendant's surgeon and the result testified to before the jury by the examiners.

**4.—Same—Rebuttal Examination.**

If plaintiff exhibited his eye to the jury and his physician then and there undertook, while testifying, to point out the injury to the eye, defendant was entitled, in rebuttal, to call medical experts of its own selection to, in like manner, examine the eye and to testify as to the result of such examination.

**5.—New Trial—Postponement to Obtain a Deposition.**

Where defendant's motion for new trial was presented only two days be-

fore the expiration of the term of court, and plaintiff refused to waive the five days' service of interrogatories to take the deposition of a witness in regard to newly discovered evidence in support of the motion, the court did not err in refusing to postpone the hearing of the motion and in declining to order that a commission be issued forthwith to take the deposition of the witness.

### 6.—Same—Affidavit—Jurat Wanting.

A motion for new trial on the ground of newly discovered evidence is properly overruled where the affidavit in its support, though signed and purporting to be sworn to, does not bear the signature and seal of the officer.

### 7.—Same—Evidence not Cumulative.

Evidence in an action for personal injury, asserted as newly discovered in a motion for new trial, to the effect that an eye specialist, in testing plaintiff's ability to see with his right eye, the sight of which he claimed had been destroyed, had discovered that he could see to read with that eye, and that it was in a healthy condition, held not to be cumulative.

### 8.—Personal Injury—Damage to Earning Capacity.

Evidence in an action for injury to the eyes that plaintiff had been engaged in farming and had worked some months as a railroad section hand prior to the injury, and that since then he had worked as a farm hand, though not as "peart" as before, without any evidence as to the value of his services, was insufficient to authorize recovery for diminished earning capacity.

Appeal from the District Court of Hopkins. Tried below before Hon. H. C. Connor.

*E. B. Perkins* and *Templeton, Crosby & Dinsmore*, for appellant.— 1. The issue of contributory negligence was raised by the pleadings and the evidence, and the general rule of contributory negligence ought to have been given in charge to the jury. International & G. N. Ry. Co. v. Neff, 87 Texas, 307; Missouri, K. & T. Ry. Co. v. Stewart, 37 S. W. Rep., 777; Railway Co. v. Wylie, 33 S. W. Rep., 772; Railway Co. v. McGlamory, 35 S. W. Rep., 1056; Railway v. Graves, 59 Texas, 339.

2. The court erred in overruling the defendant's motion for an order requiring the plaintiff to submit to an examination of his eye by such medical men, oculists or eye doctors as specialists as the defendant should select. Chicago, etc., Ry. Co. v. Langston, 47 S. W. Rep., 1027; same case (upon rehearing), 48 S. W. Rep., 611; same case (by Supreme Court), 92 Texas, 713.

*C. E. Sheppard*, for appellee.—1. The court did not err in refusing special charge number 5, requested by appellant, because there was evidence tending to show that appellee's ability to labor and earn money had been affected by the injury to his eyesight. Fordyce v. Withers, 20 S. W. Rep., 766; Railway Co. v. Lacy, 24 S. W. Rep., 269; De La Vergne Refrigerating Machine Co. v. Sthal, 60 S. W. Rep., 319; Railway Co. v. Harris, 70 S. W. Rep., 337.

2. Under the circumstances in this case the defendant was not entitled to have plaintiff's eye examined by such medical man, oculists or eye doctors or specialists as it might select for the purpose of testifying in the case, and the court did not err in refusing the motion to require plaintiff to submit to such examination. Railway v. Underwood, 64 Texas, 463; Railway v. Johnson, 10 S. W. Rep., 327; Railway v. Norfleet,

14 S. W. Rep., 703; Railway v. Brown, 75 S. W. Rep., 807; Railway v. Cluck, 73 S. W. Rep., 569; Railway v. Pendery, 36 S. W. Rep., 793; Railway v. Nelson, 24 S. W. Rep., 588; Railway v. Sherwood, 67 S. W. Rep., 776; Railway v. Bosford, 141 U. S., 253, 11 Sup. Ct. Rep., 1000, 35 L. Ed., 734.

3. Appellant, in its said motion to postpone the hearing of its motion for a new trial, did not show that there was any reasonable probability or expectation that it would be able, by such postponement, to get said alleged newly-discovered evidence verified by said witness before the term expired, and the court did not err in refusing said motion. Sayles' Rev. Stats., arts. 2273, 2274, 2279; Garner v. Cutler, 28 Texas, 182; Laird v. Ivens, 45 Texas, 623; Rice v. Ward, 93 Texas, 536; Mitchell v. Bass, 26 Texas, 372; Hatchet v. Connor, 30 Texas, 104-114; Railway Co. v. Sciacca, 80 Texas, 356; Railway Co. v. Brown, 40 S. W. Rep., 619.

TALBOT, Associate Justice.—Smith brought this suit to recover damages alleged to have been sustained by him on account of personal injuries received through the negligence of appellant while he was a passenger on one of appellant's trains.

It was alleged, in substance, that on the 7th day of January, 1904, appellee was a passenger on appellant's passenger train going from Commerce, Texas, to Sulphur Springs, Texas; that, during said passage, appellee entered the water-closet of the coach in which he was riding for the purpose of attending to a call of nature, and while standing therein, in the act of buttoning his pants, and while the train was running, the car made an unusual, sudden and violent lurch forward and sideways, throwing appellee forward and to one side against the wall of the closet; that, in being thrown forward and sidewise, appellee's feet and legs struck and came in contact with a step-ladder, which was leaning loose against the end wall of the closet, in consequence of which he fell against a glass window in the outer wall of the car and closet, striking the same with his face and head and breaking the glass in said window; that, as a result of his fall and the striking of said window, appellee's face and nose was cut, particles of glass got in his right eye, cut and badly injured the same, and destroyed the vision thereof. It was also alleged that appellee's left eye was weakened from sympathy and as a result of the pain produced by the injuries received.

Appellant pleaded the general issue, assumed risk, contributory negligence, inevitable accident, and that its track was in perfect condition and its train operated with the greatest care. A jury trial resulted in a verdict and judgment for appellee in the sum of $1,150, and appellant has appealed.

1. Appellant's first, second and third assignments of error are predicated upon the refusal of the court to give, in charge to the jury, certain special charges requested. The charge refused, and made the basis of the first assignment, has been carefully considered in connection with the court's main charge, and we think there was no error in refusing to give it. The charges made the basis of the second and third assignments relate to the question of contributory negligence on the part of appellee, and were properly refused. We are of the opinion that the evidence, as shown by the record, did not raise the issue of contributory negligence.

The court, however, at the request of appellant, gave a general charge upon the subject. This charge was practically the same as the one refused and upon which the second assignment is predicated. The charge upon which the third assignment is predicated does not, we think, express a correct principle of law, but, if it does, the answer to appellant's complaint of the court's refusal to give it is, as stated above, that the issue was not raised by the evidence. Appellant's fourth, fifth and sixth assignments of error are overruled. We are not prepared to say there was no evidence authorizing the submission to the jury of the theory of negligence on the part of appellant, based on the condition of its railroad track and failure to operate and handle the train in question in a skillful and prudent manner. Nor do we feel authorized to say there is no evidence tending to show that appellee's ability to labor and earn money had been affected by the injury, of any, to his eyesight.

2. The court did not commit reversible error in overruling appellant's motion for an order of the court requiring the plaintiff to submit to an examination of his eye by such oculists or medical experts as the defendant should select for that purpose. From the bill of exception, reserved to the action of the court in overruling this motion, it does not appear that such medical men as appellant had, or intended to select, were near at hand, and that the trial of the cause would not be unreasonably delayed in securing their presence. Besides, it appears from the record that appellant suffered no injury by the ruling and motion of the court in respect to this matter. It is shown by the court's explanation of this bill that, after appellant's said motion was overruled, counsel for appellee, in open court, agreed that the court might select some physician or oculist to make the examination, and that the examination be made in connection with Dr. Smith, the appellant's surgeon, and Dr. Long; that the court did appoint Dr. Stirling, who, in connection with Drs. Smith and Long, made an examination of appellee's eye, all three of whom testified upon the trial, and concurred in the opinion that the sight or vision of the eye was not impaired. The facts in this case bearing upon the question presented are not so cogent in calling for an application of the rule announced in the case of Railway Company v. Langston (19 Texas Civ. App., 568, 47 S. W. Rep., 1027, and 92 Texas, 713), to the effect that, where a plaintiff suing to recover damages on account of personal injuries voluntarily exhibits his injured limbs to the jury, on the trial, as evidence of the character and extent of his injuries, it is error to refuse the adverse party permission to have such limb examined then, or at such other reasonable time and place as the court might appoint, to make the proposed examination and give the result of it to the jury. But we are inclined to the opinion that, if the appellee exhibited his eye to the jury, and his physician then and there undertook, while testifying, to point out the injury to appellee's eye, appellant was entitled, in rebuttal thereof, to call medical experts of its own selection to, in like manner, examine the eye, and give in testimony their opinion, as a result of such examination. This was not proposed, and we think it may reasonably be inferred, from the language employed in appellant's said motion, that it was not then prepared to have such examination made.

3. The court did not err in overruling appellant's motion to post-

pone the hearing of its motion for a new trial and in refusing to order the issuance of a commission to take the deposition of Dr. E. A. Hawley, to the end that his testimony might be used at the hearing of said motion for a new trial in support of its allegations of newly-discovered evidence. The court was required by law to dispose of this motion during the term at which it was filed. It was presented on the 3d day of March, and the then term of the court expired by operation of law on the night of the 5th day of that month. Appellee refused to waive the five days' notice and service of a copy of the interrogatories propounded by appellant, required by statute to be served upon him or his attorney of record before the issuance of the commission, and it is apparent that the current term of the court would expire before such notice could be given. After the service of the notice of filing the interrogatories has been completed, it is ordinarily the duty of the clerk to issue the commission, without any order of the court, but whether authority exists for the issuance of a commission to take depositions, to be used on the hearing of a motion for a new trial, after trial of the cause, need not be decided in this case.

4. It is contended by appellant, under its ninth assignment of error, that the court erred in refusing to grant its motion for a new trial, based upon the alleged newly-discovered evidence of Dr. E. A. Hawley. Upon an examination of the transcript we find that neither the motion for a new trial nor the written statement purporting to be the affidavit of appellant's attorney, filed in support thereof, is verified under oath. The paper referred to, and copied in the record as the affidavit of the attorney who represented appellant on the trial in the court below, purports to have been signed by said attorney, but does not bear the signature and seal of the officer before whom the same was sworn to, if sworn to at all.

The allegation in appellant's said motion for a new trial, and in the paper filed as an affidavit of its attorney, in support thereof, to the effect that Dr. E. A. Hawley was an eye specialist, and, in testing appellee's ability to see with his right eye, the sight of which he claimed had been destroyed, had discovered, by means of glasses, and by obscuring the vision of appellee's left eye, that he could see to read with his right eye, and that the same was in a healthy condition, which testimony it was alleged had been ascertained since the trial, was not cumulative evidence, and was very material on one of the principal issues in the case. In the absence, however, of a sworn affidavit in support of such allegations, or other proof thereof, appellant's motion for a new trial was correctly overruled. If the said instrument, purporting to be the affidavit of appellant's attorney, was, in fact, sworn to by him, and the same verified by the jurat of the officer administering said oath to him, it is not shown by the record before us.

In deference to the verdict of the jury, we conclude that the evidence justified their finding that appellee was injured through the negligence of appellant; that he was not guilty of contributory negligence, and has sustained damages in the amount awarded by the jury. As presented, none of appellant's assignments of error authorize a reversal of the case, and the judgment of the court below is therefore affirmed.

ON MOTION FOR REHEARING.

After a more careful consideration of this case, the conclusion has been reached that we erred in affirming the judgment. The error committed was in our failure to sustain appellant's sixth assignment of error. This assignment is predicated upon the refusal of the trial court to give in charge to the jury the following requested instruction, viz.: "There is no evidence in this case showing the earning capacity of plaintiff; therefore, if you should find that plaintiff is entitled to recover damages in this case, you can not consider any damage resulting to plaintiff from loss or decrease of his earning capacity, if any." The court declined to give this charge, but, on the contrary, instructed the jury that, in estimating the damages which plaintiff may have sustained by reason of his injuries, they could take into consideration the effect such injuries had upon his ability to labor and earn money. A closer examination of the evidence found in the record has convinced us that it was insufficient to authorize a recovery of this element of damage, and that appellant's special charge quoted above should have been given.

The injury claimed to have resulted in a diminution of appellee's earning capacity is the seriously impaired or total, permanent loss of vision in the right eye. A cut on the face was alleged, but it is not pretended, as we understand it, that this was of a serious or permanent character. The substance of all the evidence bearing upon the question is: that appellee was about twenty-five or twenty-six years of age at the time injured. He was unmarried, and, before injured, had been engaged in farming, and had worked several months as a section hand on a railroad. He had never accumulated any property, and had none at the date of trial. After appellee was injured he engaged to work for Tom Pogue on his farm, and began work on the 2d day of February following the date of his injury, which was on the 7th day of January, 1904. Appellee testified that when he was first hurt he could see a little out of his injured eye, but that it kept getting worse, and at the date of the trial of this case he could not see how to do anything with that eye. He further stated that he did plowing for Pogue after receiving his injuries; that the day he worked for Pogue he did about as much as the other hands, but that it strained his eye; that in working, since injured, he put in full time, but that work strained his eye. Tom Pogue testified that appellee had worked for him on his farm, and was then working for him, doing farm work, but did not seem as "peart" as before the accident. Joe Harding, an employe of appellant, testified that appellee had worked for him on his section before he was hurt; that he was a good boy, and did good work.

We think it must be conceded that this testimony is insufficient to show what was appellee's earning capacity before he was injured, and proves no fact which would enable a jury to reach an intelligent conclusion as to the amount of loss sustained in impairment of ability to earn money. While the evidence shows that appellee had worked on a farm and on a railroad section, it does not show or tend to show what was his earning capacity in either employment. So far as disclosed by the record, he was only employed by the day or month to work on the farm, and the evidence does not show the amount he received, or the

value of his services, either as a farm laborer or section-hand; nor were sufficient facts proven from which the value of such services could reasonably be inferred. It was not essential that the value of such services, or the extent to which appellee's earning capacity had been affected, should be established with exactness; for in the assessment of damages of this character the amount must necessarily be referred in a measure to the sound judgment and discretion of the jury. This does not mean, however, that their verdict may be the result and expression of a mere guess or conjecture. Although the plaintiff is not required to prove the amount, he is required to prove facts from which the jury can determine intelligently the amount that will fairly compensate him for the loss sustained. The mere proof of previous avocation and the character of his injuries will not suffice. (Railway Co. v. Bird (Tex. Civ. App.), 48 S. W. Rep., 756.) We conclude that there was such an absence of evidence, from which the jury could properly ascertain the amount of appellee's loss on account of any diminished capacity to earn money, that the court erred in ·refusing the special charge above set out, and in submitting such element of damages to the jury.

Appellant's motion for a rehearing is therefore granted, and the judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*