AMBERSON v. WOODUL.

No. 10098.

Court of Civil Appeals of Texas. San Antonio.

Sept. 1, 1937.

Rehearing Denied Oct. 6, 1937.

Lewright & Lewright, Cecil D. Redford, and R. G. Harris, all of San Antonio, for appellant.

M. J. Arnold and Geo. M. Mayer, both of San Antonio, for appellee.

SLATTON, Justice.

Appellee, L. E. Woodul, brought this action in the Thirty-Seventh district court of Bexar county, against Joe Amberson, doing business under the name of Union Bus Lines, for personal injuries alleged to have been sustained by him while a passenger in one of the busses operated by appellant as a common carrier. A jury trial resulted in a verdict in favor of appellee and against appellant for the sum of $3,500.

The appellant first complains of the action of the trial court in refusing to declare a mistrial on account of the fact that during the cross-examination of the appellee, who was a witness on his own behalf, he stated that he "never thought of bringing suit against him (meaning the appellant) at all until after he wrote to the insurance—" At this juncture, counsel for appellee interrupted. Thereafter, out of the presence of the jury, it was developed that the appellee did not consider filing a suit against the appellant until after he had written to the insurance company handling the insurance for his employer, and, when he found that he was not covered by any insurance carried by his employer, he then decided to bring suit against the appellant. Before the appellee had made any mention of insurance, appellant's counsel had asked him many questions for the purpose of ascertaining the exact time when the appellee determined to bring an action against the ap-

pellant. The trial court asked counsel for appellant whether he desired the answer as completed to go before the jury or desired the matter to stand as it was, and counsel for appellant stated that that was a matter for the court to determine. Then counsel for appellant made his motion for the trial court to declare a mistrial and discharge the jury. Appellant did not move the court to instruct the jury not to consider the question and the answer thereto.

We are aware of the rule, well established in this state, that where one suing for personal injuries brings before the jury the fact that the defendant is covered by liability insurance, it is · reversible error. However, in the case at bar the matter was brought out upon cross-examination by the appellant, and, if the appellee's complete answer had gone to the jury, it would not in any wise have suggested that the appellant was covered by liability insurance. Then too, it was after many questions had been asked by appellant of appellee while on cross-examination, wherein it could have well been anticipated by the appellant that he might receive such an answer. We are of opinion that in view of the record before us it was not reversible error for the trial court to refuse to discharge the jury and declare a mistrial. Texas Cities Gas Co. v. Ellis (Tex.Civ.App.) 63 S.W.(2d) 717, and authorities ·there cited; · Horton v. Benson et al. (Tex.Civ.App.) 266 S.W. 213.

The second, third, and fourth propositions presented by the appellant complain of the trial court's definition of "negligence," claiming, in effect, that it placed a greater burden on the appellant than that required by law. The trial court charged the jury that the term "negligence," when applied to a common carrier of passengers, means "a failure to exercise for the safety of its passengers the high degree of care which a very careful and prudent person, skilled in the business, would have used under the same or similar circumstances." In the case of San Antonio Traction Co. v. Parks, 93 S.W. 130, a charge almost identical to the one here called in question was approved by this court on the authority of the case· of St. Louis S. W. Railway Co.' v. Byers (Tex.Civ.App.) 70 S.W. 558, in which a writ of error was denied by the Supreme Court. There our Supreme Court approved the action of this court with regard to its ruling on this phase of the charge in the same case, reported in Parks v. San Antonio Traction Co., 100 Tex. 222, 94 S.W. 331, 98 S.W. 1100. The appellant relies on the case of Gulf Railway Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32· A.L.R. 1183 (Supreme Court). We are unable to perceive any conflict between the Conley Case and the ruling by our Supreme Court in the Parks Case, supra. We overrule appellant's contentions.

By appellant's fifth proposition he assails the action of the trial court in failing to define the term "a new cause," used in the definition of "new, independent cause." The trial court gave the approved definition of "new, independent cause" in connection with the definition of "proximate cause." Under the statute, in the submission of special issues to the jury, the trial court is required to submit such explanations and definitions of "legal terms" as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. We are of the opinion that the term "a new cause," used by the court, was used in its common, ordinary meaning, and it was not necessary to define the same. Moreover, if trial courts were always required to define their definitions used in the charge, confusion would result and misunderstanding occur as a result. See Dillingham v. Currie (Tex. Civ.App.) 92 S.W.(2d) 1122; Ford Motor Co. v. Whitt (Tex.Civ.App.) 81 S.W.(2d) 1032.

By the sixth proposition, appellant complains of the definition of "unavoidable accident," because such definition did not include within the definition the idea of a new and independent cause. The trial court gave the approved definition of "unavoidable accident." Green v. Texas & Pacific Railway Co., 125 Tex. 168, 81 S.W.(2d) 669.

By the seventh and eighth propositions, appellant complains of the action of the trial court in overruling his objection to the form of the submission to the jury of the elements of damage. By special issue No. 12 the court sought a finding from the jury as to the amount of damage, and allowed the jury to estimate, under one special issue, all of the elements raised by the pleadings and proof. In the case of International-Great N. Railway Co. v. King (Tex.Com.App.) 41 S.W. (2d) 234, the trial court submitted the items of damage separately to the jury, and the jury found on separate issues, as

is contended should have been done in this case by the appellant. This was held error on the theory that such a charge was calculated to confuse and mislead the jury and would cause the jury to render different sums than they would have rendered if only one item was to be submitted. In the case of Berwald v. Turner et al. (Tex. Civ.App.) 52 S.W.(2d) 112, 114, writ refused, the court says: "Special issue No. 19, as to the amount which would compensate Mrs. Turner for mental and physical suffering, past and future, and her diminished capacity to earn money, in the past and in the future, was objected to by appellants as multifarious. We cannot agree with such contention. The issue embodies in the one issue all the elements of damage and is the proper way to submit an issue on the measure of damages"— citing the King Case, supra.

■ By subsequent propositions the appellant complains of the action of the trial court in the submission of the various elements of damage to the jury, claiming that there was insufficient evidence to require such submission. The evidence shows that in the accident in question the appellee had four ribs broken, and the covering of the lung was torn and bruised, and that he suffered therefrom with a great deal of pain and shortness of breath, and that the heart was slightly pulled to the left. The evidence further shows that there was an overlapping of the ribs in healing, and that this condition would continue in the future, and that he would not be able to take exercise, that his resistance was lowered, and that he was much more liable to catch pneumonia or tuberculosis. The evidence further shows that since the accident the appellee has pleurisy, his ribs ache all the time, and that he is stooped more than before the accident, that he was very nervous and did not sleep. The appellee testified as to the medical and hospital expenses incurred, and offered the bills in evidence. One of the doctors testified as to the reasonableness of the charges. We are of the opinion that the court did not err in the submission to the jury of the various elements of damages as were included by the trial court.

■ One of the propositions asserted by the appellant particularly complains of the action of the trial court in submitting to the jury the element of diminished earning capacity in the future on the part of the appellee, particularly for the reason that the appellee, at the time of the trial, was earning the same wages as immediately before the accident. We have briefly stated the evidence with regard to the injuries of the appellee. The record shows that the accident occurred on June 11, 1935. He remained in the hospital until June 21, 1935, when he was discharged as being able to travel. The record further shows that he held a clerical position as auditor of cash receipts for the Tri-State Transit Company—a bus line of Shreveport; that his salary at the time of the trial was $160 per month; that he had been working for the company since September, 1928, about eight years; and that he commenced work at $175 per month but because of the depression his salary was reduced to $160 per month. The evidence further shows that he received his salary during his recovery from his injuries. We have heretofore pointed out the evidence which shows the personal injuries of the appellee. While it is true that he was paid, during the time of his recovery, his same salary and was at the time of the trial receiving the same salary as he received before, still, according to the evidence, his injuries will continue in the future; and, if, in the future, he would be unfortunate to lose his position, he would no doubt be damaged as a result of this accident with regard to his diminished earning capacity. In this situation the law allows him just compensation. See San Antonio & A. P. Ry. Co. v. Turney, 33 Tex.Civ.App. 626, 78 S.W. 256, writ refused.

■ By the sixteenth proposition appellant complains of the refusal of the trial court to define the term "as a proximate result," as used by the trial court in connection with the submission of special issue No. 12 as to the amount of damages. The trial court submitted to the jury the question as to whether or not the appellant was guilty of negligence, and whether or not such negligence was the proximate cause of the injuries received by the appellee. In other words, subsequent to the jury's finding of the appellant's negligence, there was a subsequent finding that such negligence proximately caused appellee's injuries. In this situation we are of the opinion that the trial court did not err in refusing to define the term "proximate result." Texas Indemnity Ins. Co. v. Hollo-

way (Tev.Civ.App.) 30 S.W.(2d) 921; Holloway v. Texas Indemnity Ins. Co. (Tex.Com.App.) 40 S.W.(2d) 75.

By the last proposition, appellant asserts that, under the evidence in this case, the amount of damages is excessive. We have reviewed the evidence and are of opinion that the verdict for $3,500 is not excessive.

The appellant having failed to show any reversible error, it follows that the judgment of the trial court should be and is affirmed.