## SOUTHWESTERN FREIGHT LINES v. McCONNELL.

### No. 4907.

Court of Civil Appeals of Texas. El Paso.

Nov. 12, 1952.

Rehearing Denied Dec. 10, 1952.

Burges, Scott, Rasberry & Hulse, El Paso, for appellant.

R. P. Langford and Kemp, Smith, Brown, Goggin & White, El Paso, for appellee.

McGILL, Justice.

In this case appellee as plaintiff in a trial before a jury recovered a judgment against appellant as defendant for $4,310.50 as compensatory damages for personal injuries suffered by him, and medical, hospital and ambulance expenses necessarily incurred as a result thereof.

The injuries grew out of an accident which occurred on the morning of April 1, 1951, near the intersection of Overland Street and Cotton Avenue, in the city of El Paso, Texas. The defendant's employee was driving a tractor with a heavily loaded trailer attached, east on Overland Street. When he attempted to negotiate the turn north into Cotton Avenue, this being a sharp turn, he swerved to the left in order to avoid striking a Ford car which had been parked on North Cotton Avenue in his line of traffic, and the trailer turned over on a Kaiser car which was parked some little distance north of the Ford car and in which plaintiff was seated, he having just arrived at the intersection. Plaintiff was injured as a result of the accident.

Appellant has presented and briefed fourteen points. We find it necessary to discuss only the first. The first point is that there was no evidence to show the earning capacity of plaintiff or that there had been diminution thereof, and hence the court erred in charging the jury that they could consider as an element of damage plaintiff's diminished capacity to labor and earn money in the future.

There was evidence that plaintiff's injuries consisted of a bruise on his left hip which was as large as a saucer and became as large as a plate, but disappeared within a few weeks after the accident; several lacerations about his head and face, one of which resulted in a scar; a laceration on the back of his left hand which healed promptly but which severed an extensor tendon of the third or middle finger of the left hand. There was medical testimony that plaintiff's left hand might tire more easily than other parts of his body when used extensively—condition which might or might not clear up completely; that plaintiff had suffered about 10% permanent disability in his left middle finger—that there was approximately ten per cent limitation of motion of the left middle finger in bending it or straightening it out; that extensive use of his left hand would cause it to begin to ache. Plaintiff testified that he did not have much grip in the injured finger; that the only discomfort he experienced was with the finger "going to sleep" after he had driven a car fifty or seventy-five miles while gripping the steering wheel hard, or when he was pushing a lawn mower; that the back of his hand where it had been lacerated was sensitive though no pain resulted therefrom. Plaintiff at the time of the accident and for seven years prior thereto had been manager of the El Paso Motor Company which was engaged in the business of selling new and used automobiles. He was not called upon to perform manual labor in the ordinary course of his employment; there was no evidence of plaintiff's earnings prior to or subsequent to the injuries; nor of his specific duties as manager of the El Paso Motor Company, nor of his age or physical condition prior to the accident.

Defendant's exception to the court's charge which permitted the jury to consider diminution of earning capacity goes further than the specific point presented. It states that:

"There is no basis in the evidence on which the jury could calculate or in any way make any award for loss of future earning capacity."

One of defendant's grounds for a new trial in its first amended motion for a new trial is that there was no evidence authorizing a jury finding of diminished earning capacity in the future. This point is argued under appellant's first point and we think is sufficiently presented in the absence of objection, to warrant our consideration.

We think the evidence was sufficient to show that there was a diminution

of plaintiff's earning capacity. It is not essential that it show a loss of earning capacity in his particular business or profession, but only that it show a diminished earning capacity generally—that is, in any business or profession. Triangle Cab Co. v. Taylor, Tex.Civ.App., 190 S.W.2d 755, loc. cit. 759(3), affirmed 144 Tex. 568, 192 S.W.2d 143. The ten per cent limitation in the motion of the middle finger of the left hand causing ten per cent permanent disability of this finger, which in turn caused a lessening of the grip of the left hand and was sensitive is of such a serious and permanent nature that loss of some earning capacity is a necessary result. However, it has been said that even where this is so, "proof is required to show the extent and amount of the damages." McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710, 712, loc. cit. 712(1–6). In Triangle Cab Co. v. Taylor, supra [144 Tex. 568, 192 S.W.2d 146], this court pointed out that this statement in McIver v. Gloria was dicta, and affirmed a judgment for the plaintiff, although we held that there was no evidence to show the extent and amount of plaintiff's loss of *earning capacity in his particular business or profession*. (Emphasis ours here). In affirming the judgment the Supreme Court did not in any way indicate that this dicta in McIver v. Gloria was not the law, but on this point said:

"The Court of Civil Appeals iterated the evidence contained in the record with respect to this phase of the case. We are of the opinion that the evidence contained in the record authorized the trial court to submit to the jury the element of probable loss on account of respondent's diminished earning capacity in the future. Amberson v. Woodul, Tex.Civ.App., 108 S.W.2d 852, loc. cit. 855; San Antonio & A. P. R. Co. v. Turney, 33 Tex.Civ. App. 626, 78 S.W. 256, writ refused.

We therefore conclude that in such a case the plaintiff is required to show "the extent and amount of the damages" i. e., facts on which the verdict is based which are "something more than mere conjecture." What these facts are must necessarily vary in each case, but the damages must be proved with that degree of certainty of which the case is susceptible. McIver v. Gloria, supra. In other words, "The law only exacts the kind of proof of which the fact to be proved is susceptible, but it does exact that." Triangle Cab Co. v. Taylor, supra [190 S.W.2d 758], quoting from Dallas Consolidated Electric St. R. Co. v. Motwiller, 101 Tex. 515, loc. cit. 521, 109 S.W. 918, loc. cit. 921. Plaintiff is not required to prove the amount of damages, but he is required to establish facts from which the jury can determine the proper amount. Houston & T. C. R. Co. v. Bird, Tex.Civ.App., 48 S.W. 756, citing Gulf, C. & S. F. Railway Co. v. Greenlee, 62 Tex. 344, 351; See, also, St. Louis Southwestern Ry. Co. of Texas v. Smith, 38 Tex.Civ.App. 507, 86 S.W. 943, at page 946; and St. Louis Southwestern Ry. Co. of Texas v. Price, 44 Tex.Civ.App. 217, 99 S.W. 120.

Here we find no evidence by which the jury could arrive at an intelligent verdict as to the extent and amount of plaintiff's damages for loss of future earning capacity. The verdict in this respect is based on mere conjecture. It has been said that:

"The certainty of the proof required is also affected by the nature of plaintiff's injuries. If plaintiff's earning capacity is not totally destroyed, but only impaired, the extent of his loss can best be shown by comparing his actual earnings before and after his injury. El Paso Electric R. Co. v. Murphy, 49 Tex.Civ.App. 586, 109 S.W. 489, writ refused; South Plains Coaches v. Behringer, Tex.Civ.App., 32 S.W.2d 959, writ dismissed." McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710, loc. cit. 712(1–6).

Perhaps the cited case of El Paso Electric R. Co. v. Murphy more accurately states the rule [49 Tex.Civ.App. 586, 109 S.W.2d 490]:

"damages * * * can best be shown by what he was capable of earning before he was injured and what he was capable of earning afterwards, and the difference will indicate the damages he has sustained."

Of course the actual earnings before and after the injury would be relevant as to the capacity to earn at such times. Here plaintiff showed his avocation as manager of the El Paso Motor Company before and after his injury. This concern was engaged in the sale of new and used automobiles. Plaintiff did not show the nature of the duties he was required to perform in the ordinary course of his employment except that he was not called upon to perform manual labor, nor did he show his earnings prior or subsequent to his injuries, although he admitted that he did not lose any salary from his employer as a result of the accident. This, however, is immaterial. Amberson v. Woodul, Tex.Civ.App., 108 S.W.2d 852, and San Antonio & A. P. Ry. Co. v. Turney, 33 Tex.Civ.App. 626, 78 S.W. 256. It has been said in cases of this kind that the mere proof of previous avocation and the character of the injuries will not suffice. St. Louis & Southwestern R. Co. of Texas v. Smith, supra. When plaintiff's evidence is critically analyzed it will become apparent that he offered in substance nothing more than this. The facts in the Taylor case, supra, and in the two cases there cited by the Supreme Court go further than the facts in this case. For one thing, the nature of the injuries in two of these cases was far more serious than in this case, and in the Turney case the injuries were somewhat more serious, and since "The certainty of the proof required is also affected by the nature of plaintiff's injuries" this is one distinction. In two of these cases there was some evidence of plaintiff's earning capacity prior and subsequent to the injuries. In the Taylor case it was shown that his salary was $175 per month prior to and at the time of the accident, and $175 per month plus $300 per year, less deductions, subsequent thereto; in the Amberson case the plaintiff's salary prior to and subsequent to his injuries was shown. In the Turney case it does not appear from the opinion that this was shown, neither does it appear that it was not. There was evidence in the Turney case that plaintiff was working for his brother, to manage his ranch, and that there was no decrease in his wages after the accident, even though he was unable to perform the same labor after the injuries as he had before. In the Taylor case plaintiff's age was shown. It does not appear from the opinions whether this was shown in the Amberson and Turney cases. It was not shown in the case at bar.

We conclude that plaintiff did not discharge the burden incumbent upon him to produce available facts to enable the jury to arrive at an intelligent verdict as to the extent and amount of his loss of future earning capacity, and that the court erred in including in his charge this element of damage. This error requires a reversal of the judgment. We have considered all of appellant's other points and overrule them.

The judgment is reversed and the cause remanded.

Reversed and remanded.