ROBERT L. DILLON, Administrator, etc., Respondent, v. THE CONTINENTAL CASUALTY COMPANY, Appellant.

Kansas City Court of Appeals, April 6, 1908.

1. ACCIDENT INSURANCE: Voluntary Exposure: Obvious Risk: Intentional Act: Negligence. The terms "voluntary exposure," "obvious risk" and "intentional act" are each affirmative acts and imply knowledge and exclude mere negligence. Yet an assured should be held to know that which an ordinarily prudent man of ordinary intelligence in the same situation would have known.

2. ——: ——: ——: ——: ——: Instruction. An instruction submitting the issues whether an assured might have known by the exercise of ordinary care of the danger introduces a condition into the policy which the parties did not insert, since it cuts out all insurance on account of his negligence, the thing against which he insured.

3. ——: ——: ——: ——: ——: ——: Evidence. An instruction withdrawing from the jury the consideration of the method of doing business in a railroad yard is held properly refused since it showed the duties of the assured and the manner of their performance.

4. ——: ——: ——: ——: ——: Knowledge. The mere fact that an assured shortly before passed by the flat car by which he was later injured, will not justify a court in saying that he observed its dangerous proximity and so had knowledge thereof.

Appeal from Howard Circuit Court.—*Hon. Alexander H. Waller,* Judge.

Affirmed.

*Manton Maverick* and *John & J. W. Cosgrove* for appellant.

(1) The duties of assistant car inspector did not require deceased to jump onto and hang upon the outside ladder of a car and thus ride through a railroad yards in the night time where other cars were standing in dangerous proximity. Bacon v. Railroad, 143 Pa. St. 14. (2) The conduct of deceased in getting upon the side of a moving car in a railroad yards at night was gross negligence. Even if such be the custom, it is a dangerous one and affords no relief for the conduct of the deceased. Hughes v. Railroad, 127 Mo. 455; Alter v. Casualty Co., 108 Mo. App. 169. (3) James Dillon was not insured against injuries resulting from "jumping trains." He voluntarily, chose to ride in a dangerous and hazardous place and position. Loesch v. Union Cas. & Surety Co., 176 Mo. 654; Schaub v. Railroad, 106 Mo. 74. (4) The real question is whether the deceased, James Dillon, did or did not receive the injuries, which resulted fatally, by "voluntary exposure to unnecessary danger or obvious risk of injury." Alter v. Casualty & Surety Co., 108 Mo App. 169; Bean v. Employers' Liability Acc. Co., 50 Mo. App. 459; Overbeck v. Insurance Co., 94 Mo. App. 453; Loesch v. Casualty Co., 176 Mo. 654; Akin v. Railroad, 142 Pa. St. 47; Jamison v. Casualty Co., 104 Mo. App. 306; Bateman v. Insurance Co., 110 Mo. App. 443; Corcoran v. Railroad, 105 Mo. 399; Sargent v. Insurance Co., 112 Wis. 29. (5) Instruction number 1, asked by appellant, should have been given, as prayed. It was error to refuse it. See authorities cited under point IV. (6) Instruction numbered 8 should have been given. The custom of the deceased and of other employees of the M.

K. & T. Ry. Co., could not vary the terms of the contract. between deceased and appellant. Hughes v. Railroad, 127 Mo. 455; Alter v. Casualty Co., 108 Mo. App. 169; Partridge v. Insurance Co., 15 Wall. (U. S.) 573; 29 Am. & Eng. Ency. Law (2 Ed.), p. 436; 1 Joyce on Insurance, sec 247; Staluth v. American Guar. Co., 81 Mo. App. 627; Hughes v. Cash Register Co., 112 Mo. App. 101.

*Sam C. Major* and *W. M. Williams* for respondent.

(1)    No error was committed by the trial court in permitting plaintiff to show that it was the custom and practice and was necessary for car inspectors and repairers in the performance of their duties to ride upon the cars from place to place in the railway yards at Franklin Junction. Defendant insured plaintiff's intestate while he was engaged in the business of a car repairer at that place and must be presumed to have intended to indemnify him against accidental injuries received while in the performance of the duties pertaining to his position. Insurance Co. v. Snowden, 7 C. C. A. 264, 58 Fed. 342; Burkhard v. Insurance Co., 102 Penn. St., 262; Follis v. Mutual Accident Co., 28 L. R. A. 78; Charlton v. Railroad, 200 Mo. 435. (2)    The court below properly found that the evidence failed to show that deceased was aware of the dangerous position of the car standing on track 4, notwithstanding he had passed by said car on the switch engine a short time before. Charlton v. Railroad, 200 Mo. 435. (3)    The words "voluntary exposure to unnecessary danger" imply a conscious intentional exposure, something of which one is conscious and willing to take the risk; hence something more than ordinary negligence is necessary; there must be a design or intention on the part of the insured to expose himself to danger. 1 Cyc. 259; Bateman v. Insurance Co., 110 Mo. App. 443; Jamison v. Casualty Co., 104 Mo. App. 306; 4 Cobley's Briefs, 3217-3219; Keene

v. Accident Assurance Co., 161 Mass. 149; Collins v. Insurance Co., 96 Iowa 216; United States Mutual Accident Assn. v. Hubbell, 56 Ohio St. 516; Ashenfelter v. Insurance Co., 31 C. C. A. 193. (4) There is a clear distinction between a voluntary act and a voluntary exposure to danger. The act may be voluntary and the exposure involuntary, as where one approaches an unknown and unexpected danger. 1 Cyc. 261; Insurance Co. v. Sittig, 181 Ill. 111; Insurance Co. v. Osborne, 90 Ala. 201. (5) The court properly amended defendant's declarations of law. Mere contributory negligence, if shown, would not defeat a recovery upon defendant's contract. It was necessary to go further and show a voluntary assumption of a known or obvious risk. Bateman v. Insurance Co., 110 Mo. App. 443; Jamison v. Insurance Co., 104 Mo. App. 306; Rustin v. Insurance Co. (Neb.), 46 L. R. A. 253; Wilson v. Insurance Co., 53 Minn. 470.

ELLISON, J.—Plaintiff is the administrator of the estate of James Dillon, deceased, and he brought this action upon an accident insurance policy for one thousand dollars. The judgment in the trial court was for the plaintiff for the full amount.

By the terms of the policy it was agreed to pay to Dillon's estate one thousand dollars in the event that he "should receive personal or bodily injury through external and purely accidental means, resulting in the loss of life." It was further provided by the policy that "where the accidental injury results from voluntary exposure to unnecessary danger or obvious risk of injury, or the intentional act of the insured," the liability was to be reduced to one hundred dollars.

Deceased was engaged in the service of a railway company as a car repairer. On the night of April 27, 1906, he rode on a switch engine through the yards of the railway, at a place called Franklin Junction, for

the purpose of inspecting a freight car. After discharging this duty he was riding back through the yards by standing of a step on the side of a car and holding onto a handhold, when he came in contact with a car standing on a near-by track. He was knocked from his place and killed. It appears that the standing car was what is known as a "flat car" with a brake rod and wheel extending up on the side above the platform of the car. This rod was bent over towards the track upon which deceased was returning, so as to leave a space of about nine inches between it and a passing car, and it was the rod or wheel with which he came in contact. The tracks were numbered 3 and 4, the standing flat car being on No. 4. It was standing there when deceased rode down to inspect the car and could have been seen by deceased, as there were lights on each end of the engine upon which he rode by; and, if seen, could have been observed to be too close to the other track for one to ride on the side of the car in manner deceased did on his return. There was no affirmative evidence that he noticed the close proximity of the flat car, or that he noticed the brake rod was bent.

The case was tried without a jury and the trial court was asked to give a declaration of law which declared that "standing on the side of, or hanging to, a car in a moving train in a railroad yard at night, where there are other cars standing on another track so close to the track upon which said train was moving as not to permit the body of a person so riding to clear said stationary cars (with knowledge of these facts), is a voluntary exposure to unnecessary danger or obvious risk of injury which prevents a recovery in this case except as to one tenth of the amount of the policy." The court refused the declaration as asked, but gave it with the qualification that deceased had "knowledge of these facts," which words we have placed in brackets.

The trial court likewise refused a declaration of-

fered by defendant putting the hypothesis if "Dillon knew (or might have known by the exercise of ordinary diligence and care) that said car was too close" to permit his passing without striking it. But gave it with the words in brackets stricken out.

The court, among other instructions given for defendant, gave one which declared that plaintiff could not recover to exceed one-tenth the policy if deceased's position on the moving car "was obviously dangerous and that said Dillon voluntarily assumed such position."

The foregoing acts of the court can well be considered together. The terms of the policy show that the amount to be paid was to be reduced nine-tenths if the accident happened by either of three acts of deceased, viz.: by his voluntary exposure to unnecessary danger or by his voluntary taking an obvious risk of injury, or by his intentional act. Each of these three are affirmative acts of his; they imply knowledge on his part and exclude mere negligence. In an action on a similar policy it was held by the St. Louis Court of Appeals that voluntary exposure meant conscious exposure. [Bateman v. Insurance Co., 110 Mo. App. 443.] And so it was held in Burkhard v. Insurance Co., 102 Pa. St. 262. A voluntary act means an intentional act. So when we state that one voluntarily exposed himself to unnecessary danger, it is the same as to say that he knew there was danger to which it was unnecessary for him to expose himself, but nevertheless did expose himself. [Collins v. Insurance Co., 96 Iowa 216; Insurance Co. v. Hubbell, 56 Ohio St. 516.] So if one takes an obvious risk, he must necessarily know that there is a risk and intentionally accept it. [Ashenfelter v. Insurance Co., 87 Fed. 682.] In these statements it will, of course, be understood that the insurance company would not be concluded by the mere claim of the insured (or his representative) that he did not know there was

danger, and that he did not know it was unnecessary for him to expose himself to it, or that he did not know there was a risk.  He will be held to have known that which an ordinarily prudent man, of ordinary intelligence, in the same situation, would have known. [Insurance Co. v. Sittig, 181 Ill. 111.]

These remarks make plain that we approve of the trial court's amendment to defendant's declaration requiring knowledge of the facts.

The propriety of the court striking out the words in the other instruction submitting whether deceased might have known by the exercise of ordinary care, that the standing car was too close for him to get by, calls for additional consideration.  We think those words would have had the effect of introducing a condition in the policy which the parties did not see fit to insert. If the insured is to be held to the exercise of ordinary care to become aware of danger, or risk, we cut him out of all insurance on account of his negligence; when, in point of fact, negligence implies want of intention, and it is one of the principal objects of the insurance. [Wilson v. Insurance Co., 53 Minn. 470; Keene v. Insurance Co., 161 Mass. 149.]  This was held in the latter case, even though the policy there had the additional requirement that the assured should use due diligence for his personal safety.  Acts of negligence which would excuse the railroad company in an action by an employee, will not relieve an insurance company in a action on a policy to such employee.  The fact that negligence on the part of the employee will leave him without remedy against the railway company may well form a chief motive in taking out accident insurance.

Defendant rightly states that the custom of deceased and others should not be permitted to alter the plain terms of a contract.  But the custom and practice of such employees in the manner of performance of

their duties was no more, in this instance, than showing what those duties were and their manner of performance. And in showing the necessity for going from one part of the yards to another and the custom and practice to ride upon the cars in getting to different parts of the premises was a proper method of showing the duties and the manner of their performance. Defendant's refused declaration required the court not to consider such usage. It was properly refused. [Insurance Co. v. Snowden, 58 Fed. 342.]

It is a part of defendant's objection to the judgment, as stated here, that no case was made by the plaintiff. To sustain this objection we would be required to hold, as a matter of law, that deceased knew of the dangerous proximity of the flat car to the track upon which he was riding. It is true he passed by the car shortly before in riding on the lighted engine in going to the work he was to perform. But we would not be at all justified in saying that he thereby observed the danger. [Charlton v. Railroad, 200 Mo. 413, 435.]

Other points of objection have been examined and not found sufficient to call for a reversal and the judgment will therefore be affirmed. All concur.