## FIREMAN'S FUND INS. CO. v. LEOPOLD.
### No. 10102.

Court of Civil Appeals of Texas. Galveston.
June 4, 1935.

Rehearing Denied June 27, 1935.

Bryan & Bryan, of Houston, for appellant.

Louis J. Dibrell, of Galveston, for appellee.

PLEASANTS, Chief Justice.

This suit was brought by appellee on an insurance policy issued by appellant, to recover the value of property stolen from a fishing camp owned by appellee, and alleged to be covered by the insurance policy sued on.

At a former day of this term, a month or more ago, an affirmance of the judgment was ordered and entered. The case is not one in which a written opinion is required to be filed by this court. The writer, however, informed the attorneys for both the parties that a memorandum opinion would be filed stating briefly the ground upon which the judgment of affirmance was based. In the press of other matters I have allowed this promise to remain unfulfilled much longer than I intended, neither party being apparently impatient at the delay.

The only question presented by the appeal is whether the stolen property was covered by the policy. Upon a full consideration of the policy, we concluded that the trial court correctly held that the policy was upon its face ambiguous in its terms, and therefore parol evidence was admissible to show the intent of the parties in the execution of the contract, and that if such evidence is considered, the stolen property for the value of which appellee recovered in the trial court was covered by the policy.

The general rule of construction of written contracts, that the intention of the parties must be given controlling effect, is applicable to insurance policies just as to other written contracts. Of course if there is no ambiguity or uncertainty in the written language of the contract there is nothing that calls for the application of this rule of construction, and the plain unambiguous language of the contract must determine the rights of the parties. But if there is such uncertainty or ambiguity

in the written language of the contract, the true intention of the parties may be shown by parol evidence, and when so shown will be given effect.

It seems to us that there is uncertainty and ambiguity in the language of the contract and that the parol evidence, admissible on this ground, clearly shows that the stolen property was covered by the policy.

■ While in most of the cases cited by appellee it may be that the issue presented was between contending beneficiaries under the policy, we think the rules announced in those cases apply as well where the uncertainty or ambiguity arises as to property covered by insurance against theft or fire, and when, as is shown in this case, the general agent of the insurance company that issued the policy fully understood that the property lost in this case was to be protected by the policy, the appellant cannot repudiate its contract because the policy does not plainly and unequivocally so state.

Affirmed.