## J. D. McIver et al v. Inez Gloria.

No. 8032.  Decided March 24, 1943.

(169 S. W., 2d Series, 710.)

*O. Shelley Evans,* of San Antonio, for petitioner.

There being no evidence to prove or tend to prove or from which the jury could estimate the elements of damage, it was error for the Court of Civil Appeals to overrule the proposition by which the jury were permitted to consider plaintiff's future capacity and loss of earnings. North Texas Trac. Co. v. Brannon, 61 S. W. (2d) 156; Gamer v. Winchester, 110 S. W. (2d) 1190; Miller v. Hooper, 94 S. W. (2d) 230; 13 Tex. Jur. 386.

*Harry J. Schultz,* of George West, for respondent.

It was proper for the trial court to charge the jury that they might consider the dimnished earning capacity of plaintiff to labor and earn money. Texas & Pac. Ry. Co. v. Gurian, 77 S. W. (2d) 274; St. Louis S. W. Ry. Co. v. Garber, 111 S. W. 227; Galveston, H. & S. A. Ry. Co. v. Harling, 260 S. W. 1016.

MR. JUSTICE SHARP delivered the opinion of the Court.

Inez Gloria sued J. D. McIver and A. F. Ramos for damages for personal injuries. Gloria alleged, and the jury found, that he was injured in 1939 when a small pick-up truck in which he was riding was negligently struck from behind by a larger truck belonging to McIver and operated by Ramos, McIver's employee, within the scope of his employment. Based upon the answers of the jury to special issues submitted, the trial court entered judgment for Inez Gloria for $5,500.00. This judgment was affirmed by the Court of Civil Appeals. 163 S. W. (2d) 890. The principal question is whether there was any evidence to justify the trial court in instructing the jury to take into consideration plaintiff's loss of future earning capacity in its calculation of plaintiff's damages. The writ of error was granted on the contention that there was no evidence to sustain the finding of the jury on this question.

Plaintiff alleged that before his injury he was gainfully employed in the business of farming, and was earning approximately $2,000.00 per year. The evidence showed that plaintiff was a Mexican tenant farmer, unable to speak or understand the English language. He was forty-eight years old at the time of the trial, and had a life expectancy of 23.36 years. He had

a family of nine children, including one son of seventeen and another of twenty. Before his injury he was in good health and able to do a hard day's work. He had been farming since he was twenty-one, but was not farming in 1939, the year he was injured. In 1931 he began farming on the halves for one Rocco, and stayed there six years. He planted sixty acres of cotton and ten acres of corn. At first he made as high as twenty-two to twenty-four bales of cotton. For the whole period he averaged thirteen to sixteen bales. In 1937 he left Rocco's place and farmed for Mr. Charley Campbell, raising cotton and corn. Usually he just worked his land, but in 1931 he worked a little cutting cane for Rocco, making $2.50 and $3.00 a day. At other times he made $1.00 or $1.50 working by the day. Since his injury plaintiff has been unable to do any work. He was injured in both legs so seriously that he will never walk again. His doctor testified that in one leg, which was broken, there is only a small amount of union, so that it will probably break down if he tries to use it. The jury assessed his damages at $5,500.00, including $1,250.00 for hospital and medical expenses.

■■ Defendants contend that this evidence fails to furnish any data that would enable the jury to reach an intelligent conclusion on the value of plaintiff's lost earning capacity, since it does not show the money value of the crops he raised, or what part of them was produced by his own labor. We find no merit in this contention. After a careful investigation of the authorities, we are of the opinion that the trial court correctly instructed the jury to consider plaintiff's loss of earning capacity. In a personal injury suit the amount which the plaintiff might have earned in the future is always uncertain, and must be left largely to the sound judgment and discretion of the jury. However, the verdict must be based on something more than mere conjecture. It must be an intelligent judgment, based upon such facts as are available. Even where the injury is of such a serious and permanent nature that loss of earning capacity is the necessary result, proof is required to show the extent and amount of the damages. International & G. N. R. Co. v. Simcock, 81 Texas 503, 17 S. W. 47. No general rule can be laid down, except that each case must be judged upon its peculiar facts, and the damages proved with that degree of certainty of which the case is susceptible. Dallas Consolidated Electric St. Ry. Co. v. Motwiller, 101 Texas 515, 109 S. W. 918. Under this rule the required certainty of the proof will necessarily vary. Where plaintiff is a child, who has never earned any money, the jury must determine the value of its lost

earning capacity altogether from their common knowledge and sense of justice. Texas & P. Ry. Co. v. O'Donnell, 58 Texas 27; Missouri, K. & T. Co. v. Johnson (Texas Civ. App.), 37 S. W. 771 (writ refused) ; 13 Tex. Jur., 400. Likewise, where plaintiff is a housewife, the actual money value of her services need not be proved. Gainesville, H. & W. Ry. Co. v. Lacy, 86 Texas 244, 24 S. W. 269; 13 Tex. Jur., 402. On the other hand, where plaintiff is employed at a fixed wage or salary, the amount of his previous earnings ordinarily must be shown. Northern Texas Traction Co. v. Brannon (Texas Civ. App.), 61 S. W. (2d) 156; and see Dallas Consolidated Electric St. Ry. Co. v. Motwiller, supra. And where plaintiff seeks special damages for loss of his earning capacity in a particular business or profession, the amount of his earnings or the value of his services in that business must be shown with reasonable certainty. Red Arrow Freight Lines v. Gravis (Texas Civ. App.), 84 S. W. (2d) 840; Panhandle & S. F. Ry. Co. v. Reed, 273 S. W. 611 (writ dismissed). See also Texas & P. Ry. Co. v. Bowlin (Texas Civ. App.), 32 S. W. 918 (writ refused), and St. Louis Southwestern Ry. Co. v. Niblack, 53 Texas Civ. App. 619, 117 S. W. 188 (writ refused). The certainty of the proof required is also affected by the nature of plaintiff's injuries. If plaintiff's earning capacity is not totally destroyed, but only impaired, the extent of his loss can best be shown by comparing his actual earnings before and after his injury. El Paso Electric Ry. Co. v. Murphy, 49 Texas Civ. App. 586, 109 S. W. 89 (writ refused) ; South Plains Coaches v. Behringer, (Texas Civ. App.) 32 S. W. (2d) 969 (writ dismissed).

■ In the present case we do not think the jury was left to a mere guess or conjecture as to plaintiff's loss of earning capacity. The evidence showed that he was an uneducated Mexican farmer, whose only earnings came from manual labor. He is totally incapacitated to earn his living by that means in the future. Although the amounts of his past earnings are not shown with mathematical exactitude, the evidence does disclose the nature and extent of his farming operations and the kind and amount of the crops he produced. It is not essential under the circumstances to require him to give an exact account of the profits from his farming and to calculate what part of such profits, if any, was due to his individual labor, as distinguished from that of the members of his family. Where there is an absence of any evidence from which the jury could properly ascertain the plaintiff's future incapacity and loss

of earnings, then such finding of the jury would not support a judgment based thereon, and courts would not permit such judgment to stand. Plaintiff, however, is not required to prove the exact amount, but only the facts from which the jury, in the exercise of sound judgment and discretion, can determine the proper amount. Gulf, C. & S. F. Ry. Co. v. Greenlee et ux., 62 Texas 344, 351; Houston & T. C. R. Co. v. Bird (Texas Civ. App.), 48 S. W. 756; St. Louis Southwestern Ry. Co. v. Smith, 38 Texas Civ. App. 507, 86 S. W. 943.

■ The fact that plaintiff was not engaged in farming at the time he was injured does not bar his recovery for loss of earning capacity, because the measure of his loss is his capacity to earn, not his actual earnings. El Paso Electric Co. v. Murphy, 49 Texas Civ. App. 586, 109 S. W. 489 (writ refused), supra. Plaintiff's farming operations in previous years and his occasional earnings from work by the day, though not conclusive upon the measure of his damages for loss of earning capacity, yet were not too remote to be of assistance to the jury in estimating his loss. Galveston, H. & S. A. Ry. Co. v. Harling (Texas Com. App.), 260 S. W. 1016; Texas Electric Ry. Co. v. Worthy (Texas Civ. App.), 250 S. W. 710 (writ dismissed).

We hold that the facts shown, together with the jury's common knowledge and experience and sence of justice, were sufficient to enable the jury to make a fair estimate of the value of plaintiff's lost earning capacity.

The other points raised were correctly disposed of by the court of Civil Appeals.

The judgments of the district court and of the Court of Civil Appeals are affirmed.

Opinion delivered March 24, 1943.