Billy D. CRADDOCK, Appellant,

v.

William Roy HICKMAN, Appellee.

No. 4961.

Court of Civil Appeals of Texas, Eastland.

Jan. 13, 1977.

Rehearing Denied Feb. 17, 1977.

Dicky Grigg, Gibbins & Spivey, Austin, for appellant.

Damon Ball, Groce, Locke & Hebdon, San Antonio, for appellee.

WALTER, Justice.

Billy D. Craddock recovered judgment against William Roy Hickman for personal injuries resulting from an automobile collision.

The jury answered the damage issue as follows:

"Answer separately in dollars and cents, if any, with respect to each of the following elements:

(A) Doctor, hospital and medical expenses incurred in the past.
ANSWER: $200.00

(B) Loss of earnings in the past.
ANSWER: $300.00

(C) Loss of earning capacity in the future.
ANSWER: $2000.00

(D) Physical pain, mental anguish in the past.
ANSWER: $500.00

(E) Physical pain and mental anguish which in reasonable probability he will suffer in the future.
ANSWER: $1000.00"

The court sustained defendant's motion to disregard the $2000 answer to subparagraph (C) for the reason:

"First, the question was not based on the proper standard for recovery of loss of earning capacity in the future and therefore was an immaterial issue . . . ."

The plaintiff has appealed and contends there is some evidence of probative force to support the finding for loss of future earning capacity.

Craddock pleaded injuries to his cervical spine, lacerations from glass and injuries to his lower spine and to his body in general; that he had undergone mental and physical pain and suffering and loss of enjoyment of life and will continue to so suffer in the future; and that he had sustained a loss of income earning capacity, in the past and in the future.

No exceptions were made to these general allegations and conclusions of loss of future earning capacity.

No objections were made to the special issues submitted.

Craddock testified substantially as follows:

I am employed by Raymond Hicks. I am married and have six boys. I have a high school education. On September 9, 1974, I was involved in an automobile accident.

He was asked the following questions and he gave the following answers:

"Q . . . But what did it do to you physically to your body there in the cab when he hit you from behind?

A When I was hit it knocked me back—my head back through the rear glass and broke it, and throwed me into the windshield.

Q All right, at that time did you experience any pain?

A Not right at the moment, but I did when I kinda began to revive myself.

Q All right, did it knock you complete out?

A No, sir, not completely.

Q Did it, what, more or less addled you?

A Yes, sir.

Q All right. Now, what part of your body did you injure in this accident?

A My neck and lower back."

Craddock testified further substantially as follows:

Dr. Meador prescribed a soft collar for my neck.

I knocked a wisdom tooth loose, broke a cap off and loosened several others. When I was about 11 or 12 years old, I roped a hog off a horse and it jerked me off and I hurt my back. But in the last twenty years before the wreck, I have had no trouble with my back. During World War II, I was shot up pretty bad, but I had recovered from these injuries before the wreck.

Mr. Hicks has a construction crew of five or six men and I am his foreman. I have worked for him about 9 years. I missed about ten days work on account of the accident. Since the accident I am making $3.25 per hour, 25¢ an hour more than I was making before the accident. I supervise the jobs and help maintain the equipment. Some of the boys fail to show up for work about once a week and I am forced to run their equipment. I wear this collar and this brace every day especially if I am running a piece of equipment. My work requires me to do heavy lifting and I just can't do it any more. Before the accident, I could lift anything. Before the accident, I had no trouble operating the bulldozers and could operate one ten or twelve hours a day. Since the accident, I can't run one only about 5, 6 or 7 hours a day. I give out. The vibration hurts my back and neck. The pain in my head comes from my neck. The pain in my low back hurts "mostly twenty-four hours a day". Some nights I don't get much sleep because my back and neck hurts. I am still taking the medicine that was prescribed for me.

When a plaintiff seeks damages for impairment of earning capacity he must establish such damages with the degree of certainty to which it is susceptible. *King v. Skelly,* 452 S.W.2d 691 (Tex.1970). Craddock introduced evidence of his earnings prior to the accident. In *City of Houston v. Holden,* 336 S.W.2d 193, at page 196 (Tex. Civ.App.- Eastland 1960, writ ref. n. r. e.), we said:

" . . . Future physical pain, future mental anguish and future loss of earning capacity can be implied from such an injury and it is within the province of the jury to determine the extent of damages. *St. Louis Southwestern Ry. Co. of Texas v. Marshall,* Tex.Civ.App., 120 S.W. 512 (Writ Ref.); *Dallas Ry. and Terminal Co. v. Enloe,* Tex.Civ.App., 225 S.W.2d 431; *Jarbet Co. v. Hengst,* Tex.Civ.App., 260 S.W.2d 88. The loss of earning capacity rather than loss of earnings resulting from an injury is in such cases the determining factor. *McIver v. Gloria,* 140 Tex. 566, 169 S.W.2d 710. . . "

In the case at bar, Craddock has pleaded, proved and secured a favorable finding for "Loss of earning capacity in the future".

Hickman says because this issue was not limited to "in reasonable probability" it becomes an immaterial issue and cites 3 McDonald, Texas Civil Practice § 12.27.2(b) (1970):

" . . . It should be noted, however, that in its application to special issues, this rule rests upon an implicit assumption that the special issue in question undertakes to submit a material issue and if answered would form a basis for judgment, either alone or in connection with the other findings. Consequently, *where the proposed special issue is based upon an incorrect legal theory, and if answered would not affect the outcome of the case, it is immaterial.* 'Failure to object to an

immaterial issue cannot convert the immaterial finding into a material finding.'" (Emphasis added)

 We agree where the proposed special issue is based upon an incorrect legal theory and if answered would not affect the outcome of the case, it would be an immaterial issue. However, we hold the loss of earning capacity in the future issue was a material issue. We are of the opinion the issue was subject to the objection that it was not limited to "in all reasonable probability". However, no such objection was made and appellee does not have a cross point complaining about the form of the issue; therefore, we are compelled to render rather than remand the cause.

We hold Craddock has introduced some evidence of probative force of the extent and probable permanency of his injuries that will affect his loss of future earning capacity. We hold the record contains some evidence to support the jury's answers to such issue.

That portion of the judgment denying appellant a recovery of $2,000.00 for loss of future earnings is reversed and judgment is rendered for appellant. In all other respects, the judgment is affirmed.