TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00283-CV







Bryan Scott Watkins and Stormie Watkins, Both Individually and d/b/a S&S Trucking
,
Appellants


v.


Michael D. Watkins
, Appellee






FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT

NO. 12,867, HONORABLE BEN WOODWARD, JUDGE PRESIDING 






 Bryan Scott Watkins ("Scott") and Stormie Watkins, both individually and d/b/a
S&S Trucking (collectively "appellants") appeal from a district-court judgment against them which
assessed liability for personal injuries and ordered them to pay damages. We will affirm.


BACKGROUND

 On March 25, 1997, Michael D. Watkins ("Michael") was involved in a motor
vehicle collision in Wilcox, Arizona. His brother, Scott, was driving the truck in which Michael
was a passenger when the collision occurred. Scott was not injured in the accident, but Michael
was transported from the scene by ambulance to the Wilcox hospital, where he was treated and
released. Over the next twenty months, Michael sought periodic medical attention for back, leg,
and hip pain.

 Michael filed suit against appellants, alleging that the collision caused his personal
injuries. On November 4, 1999, Michael tried his case to the court in a bench trial. The district
court found that Scott, "acting in the course and scope of his employment for S&S Trucking, was
negligent in the operation of the . . . truck he was driving at the time of the accident, and that such
negligence caused the automobile accident . . . ." The district court also found that the injuries
that Michael "received to his lower back and right shoulder were proximately caused by the
automobile accident . . . ." The judgment awarded Michael $759,323.61 in damages and interest. 
Although not explicitly enumerated in the judgment itself, the hearing transcript reflects that the
damages were itemized as follows: past and future medical expenses, $27,767.17; past lost
income, $30,000; future lost income, $240,000; and pain and suffering, $400,000. Appellants
appeal.


DISCUSSION


 Appellants argue that the district court erred because the evidence is factually
insufficient to support (1) the court's finding that Scott was negligent and that his alleged
negligence caused the accident; and (2) the court's award of $400,000 for pain and suffering. 
Appellants further argue that the district court erred because the evidence is both legally and
factually insufficient to support (1) the court's award of $240,000 for future lost income; and (2)
the court's award of $27,767.17 for past and future medical expenses.

 In deciding a no-evidence point, or challenge to legal sufficiency, we must consider
only the evidence and inferences tending to support the finding of the trier of fact and disregard
all evidence and inferences to the contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593
(Tex. 1986) (citation omitted). When reviewing a jury verdict to determine the factual sufficiency
of the evidence, we must consider and weigh all the evidence and should set aside the judgment
only if the evidence is so weak as to be clearly wrong and unjust. In re King's Estate, 244 S.W.2d
660, 661 (Tex. 1951). The district court's findings of fact are reviewable for factual sufficiency
of the evidence by the same standards applied in reviewing factual sufficiency of the evidence
supporting jury findings. M.D. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex.
1991). 


1. Negligence and Proximate Cause

 Appellants challenge the factual sufficiency of the evidence supporting the district
court's findings of negligence and causation because Michael's only testimony at trial related to
such findings was an affirmative answer to his counsel's question, "Did the trooper determine that
your brother was at fault in this accident?" We must note, however, that Michael's testimony is
not the only evidence in the record regarding negligence and causation. The trooper's report cited
Scott with violations of "inattention" and "follow[ing] too closely." Further, the other driver was
not cited with any violations. Appellants discount the report because the trooper did not actually
witness the accident. However, his report was based not only on analysis of physical evidence at
the accident scene, including tire and skid marks, but on Scott's own version of the accident. The
trial court properly relied upon the report as additional evidence of negligence and causation.

 Appellants also argue that Michael's explanation to physicians prior to trial that "a
pickup, at night, made a turn in front of him and his truck overturned" was inconsistent with the
notion that Scott was either negligent or the cause of the accident. However, the documents upon
which appellants rely are interpretations of those conversations and do not address Scott's
negligence or responsibility for the accident. Furthermore, no evidence was presented at trial to
controvert the allegation that Scott was negligent and that his negligence caused the accident. 

 The evidence supporting the district court's findings of negligence and causation
is not so weak as to make the judgment clearly wrong and unjust. See In re King's Estate, 244
S.W.2d at 661. Thus, the evidence is factually sufficient.


2. Pain and Suffering

 Appellants contend that the evidence to support the court's award of $400,000 for
pain and suffering is factually insufficient because Michael complains of leg and hip pain but the
court only found that injuries to his lower back and right shoulder were proximately caused by the
collision. Appellants state that the mere fact that Michael sustained an injury does not prove any
pain and suffering. See Blizzard v. Nationwide Mut. Fire Ins. Co., 756 S.W.2d 801, 805 (Tex.
App.--Dallas 1988, no writ). Appellants argue that because the court did not find that the pain
in his hips and legs was caused by the accident, it was error to consider that evidence when
considering pain and suffering damages. Appellants further argue that the pain and suffering
damages are in error because they constitute 60% of the entire judgment and thirteen times the
damages for medical expenses. They argue that Michael has received very limited medical
treatment to date to alleviate his pain, and there is no evidence that Michael will continue to suffer
pain once he undergoes back surgery.

 We agree that merely sustaining an injury is not proof of pain and suffering. Id.
at 805. However, "[o]nce the existence of some pain and mental anguish has been established,"
the fact finder has broad discretion in determining an appropriate level of damages. Sharm, Inc.
v. Martinez, 900 S.W.2d 777, 784 (Tex. App.--Corpus Christi 1995, no writ). "The amounts of
damages awarded for pain and suffering are necessarily speculative and each case must be judged
on its own facts." Id. (citations omitted).

 It is true that the trial court found that the only injuries proximately caused by the
accident were those to Michael's right shoulder and lower back. However, the physicians' reports
entered in the record indicate that Michael's leg and hip pain are manifestations of his back injury. 
Michael and his wife, Kelly, both testified as to his pain and suffering since the accident. He is
unable to work more than a few hours each day. Walking beyond the distance of a block is
difficult and very painful, and he is sometimes unable to remain standing. Michael has lacked the
financial resources to pay for further treatment. There is no evidence in the record that back
surgery will enable Michael to enjoy a complete recovery. In the absence of controverting
evidence, the plaintiff's testimony alone constitutes sufficient evidence to support the award of
pain and suffering damages. Transport Concepts, Inc. v. Reeves, 748 S.W.2d 302, 305 (Tex.
App.--Dallas 1988, no writ). The evidence is factually sufficient to support an award of $400,000
for pain and suffering.


3. Future Lost Income

 Appellants argue that there is no evidence, or alternatively insufficient evidence,
to justify a $240,000 award for future lost income. They argue that Michael did not show, as
required, the extent and permanence of the damage to his earning capacity resulting from the
injury. See McIver v. Gloria, 169 S.W.2d 710, 712 (Tex. 1943).

 However, Michael's United States Internal Revenue Service W-2 forms were
admitted into evidence and showed that he earned approximately $20,000 annually before the
accident and $5000 annually after the accident. He testified that prior to the accident he earned
a living doing heavy manual labor, but that after the accident the most he can physically do is
drive a tractor. He stated for the record that he was forty-nine years old and had intended to retire
sixteen years later, at age sixty-five.

 Appellants again challenge the nature and permanence of Michael's injury after he
undergoes surgery. As discussed above, medical documentation in the record attributes Michael's 
hip and leg pain to his lower back injuries. There is no evidence in the record to suggest that
surgery will enable Michael to recover fully. 

 There is always uncertainty in determining a party's lost earning capacity, and thus
such a determination is left to the discretion of the fact finder. See id., at 712. Here it appears
that the district court calculated lost future income by multiplying the number of additional years
Michael had planned to work by the difference between his pre- and post-accident annual incomes
(16 years x [$20,000 - $5,000]).

 The district court did not act in an unreasonable or arbitrary manner, and thus did
not abuse its discretion. See Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). 
Therefore, the evidence supporting a future lost income award of $240,000 is legally and factually
sufficient.


4. Past and Future Medical Expenses

 Appellants assert that the evidence supporting the court's award of $27,767.17 for
past and future medical expenses is legally and factually insufficient because the evidence showing
$1076.83 in past medical expenses was improperly submitted. See Tex. Civ. Prac. & Rem. Code
Ann. § 18.001 (West 1997). Thus, they maintain that the district court erred by considering such
evidence when determining past medical expenses, and as a result, awarded damages that were
more than what is reasonable and necessary. A party cannot recover for past medical expenses
without proof of what is reasonable and necessary. See Dallas Ry. & Terminal Co. v. Gossett,
294 S.W.2d 377, 382-83 (Tex. 1956). Reasonableness and necessity are usually determined by
experts, but may be determined without experts if the party files medical affidavits thirty days
before presentation of evidence and the opposing party does not file countervailing affidavits. See
Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b), (d).

 Appellants have not properly preserved error on this issue. When objectionable
evidence is offered at trial, the party opposing the admissibility of the evidence must object. Clark
v. Trailways, Inc., 774 S.W.2d 644, 647 (Tex. 1989) (citation omitted). If a party does not object
to the evidence, it waives any error in its admission. Id. In order to challenge the evidence of
past medical expenses, appellants were required to challenge such evidence at trial. Because they
failed to do so, they waived the point of error. Thus, the evidence was legally and factually
sufficient to support the court's award of $27,767.17 for past and future medical expenses.


CONCLUSION

 Having found that the evidence to support the district court's judgment was both
legally and factually sufficient, we affirm the judgment.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed: December 21, 2000

Do Not Publish


mes unable to remain standing. Michael has lacked the
financial resources to pay for further treatment. There is no evidence in the record that back
surgery will enable Michael to enjoy a complete recovery. In the absence of controverting
evidence, the plaintiff's testimony alone constitutes sufficient evidence to support the award of
pain and suffering damages. Transport Concepts, Inc. v. Reeves, 748 S.W.2d 302, 305 (Tex.
App.--Dallas 1988, no writ). The evidence is factually sufficient to support an award of $400,000
for pain and suffering.


3. Future Lost Income

 Appellants argue that there is no evidence, or alternatively insufficient evidence,
to justify a $240,000 award for future lost income. They argue that Michael did not show, as
required, the extent and permanence of the damage to his earning capacity resulting from the
injury. See McIver v. Gloria, 169 S.W.2d 710, 712 (Tex. 1943).

 However, Michael's United States Internal Revenue Service W-2 forms were
admitted into evidence and showed that he earned approximately $20,000 annually before the
accident and $5000 annually after the acc