NO. 07-04-0362-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 15, 2005

_____

JESSE BRYAN SMITH AND THE SALVATION ARMY, APPELLANTS

V.

OTIS M. SCOTT, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 90,718-A; HONORABLE BRIAN POFF, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellants, Jesse Bryan Smith and The Salvation Army, appeal a judgment following a jury trial awarding appellee, Otis M. Scott, damages for personal injuries sustained in an automobile accident. By two issues, Smith and The Salvation Army contend the trial court erred because (1) there was no evidence, or factually insufficient evidence, to support the

award of $75,000 for future loss of earning capacity, and (2) there was no evidence, or factually insufficient evidence, to support the award of $75,000 for past loss of earning capacity.[1]  We affirm.

In September 2002, Scott was injured when his vehicle collided with a Salvation Army truck driven by Smith.  One day following the collision, Scott began experiencing pain in his shoulder and decided to seek treatment.  Following x-rays, pain medication was prescribed and Scott was sent home.  When the pain persisted, his family physician, Dr. Don Frank, referred him to Dr. Howard Berg, an orthopedic surgeon.  After reviewing Scott's x-rays and MRIs, Dr. Berg diagnosed Scott's injury as a left shoulder rotator cuff tear.  In May 2003, Scott underwent surgery to repair his shoulder.

At the time of the collision, Scott, although age 78 continued working as a self-employed builder and general contractor.  Primarily, he was engaged in remodeling jobs, but he occasionally constructed new houses.  Scott testified that from the date of his injury until May 2003, when he underwent surgery to repair his rotator cuff, he was physically unable to work as he had prior to the collision, but he was able to work several "small jobs."  However, he testified that due to the limited mobility in his shoulder, his participation on those jobs was limited to supervising a crew of workers.  Following his surgery in May 2003, Scott was unable to do any work for four months.  Scott testified that he experienced a

---

[1]The Salvation Army does not challenge the jury awards of $21,101.03 for medical care in the past, $15,000 for physical pain, mental anguish, and physical impairment in the past and $13,898.97 for physical pain, mental anguish, and physical impairment in the future.

significant decrease in earnings as a result of his inability to use his shoulder in his employment.

At the conclusion of the evidence, among other awards, the jury returned a verdict awarding Scott a total of $200,000 in damages, which included $75,000 for lost earning capacity in the past and $75,000 for lost earning capacity in the future. Smith and The Salvation Army subsequently moved for judgment notwithstanding the verdict contending there was no evidence, or the evidence was legally insufficient to sustain the award of damages for loss of past and future earning capacity. The court overruled the motion and rendered judgment on the verdict. Smith and The Salvation Army then filed a motion for new trial claiming the evidence was factually insufficient to support the award. The motion was overruled by operation of law, and Smith and The Salvation Army filed a notice of appeal.

When an appellant challenges both the legal and factual sufficiency of the evidence, the appellate court should first review the legal sufficiency challenge. Glover v. Texas Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981). When an appellant attacks the legal sufficiency of an adverse finding on which he did not have the burden of proof, we must review the entire record for any probative evidence which, when viewed in its most favorable light, supports the adverse finding. Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001); Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264, 276 (Tex.App.–Amarillo 1988, writ denied). If there is more than a scintilla of evidence to

3

support the verdict, we uphold the judgment. Lenz v. Lenz, 79 S.W.3d 10, 19 (Tex. 2002). We must disregard all evidence and inferences to the contrary. *Id.*

When an appellant challenges the factual sufficiency of an adverse finding where he did not have the burden of proof, we must examine the entire record to determine if there is some probative evidence to support the finding; and if there is, we must determine whether the evidence which supports the finding is so weak as to be clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). When considering factual sufficiency challenges to a jury's verdict, courts of appeals must consider and weigh all of the evidence, not just evidence which supports the verdict. *See* Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998); *Raw Hide Oil & Gas*, 766 S.W.2d at 276.

Addressing the arguments in logical order, we begin by reviewing Smith and The Salvation Army's second issue. By this issue, they contend there was no evidence, or factually insufficient evidence to support the award of $75,000 for past loss of earning capacity. We disagree.

Loss of earning capacity is the plaintiff's diminished capacity to earn a living. Koko Motel, Inc. v. Mayo, 91 S.W.3d 41, 51 (Tex.App.–Amarillo 2002, pet. denied). It entails the consideration of what plaintiff's capacity to earn a livelihood actually was and assesses the extent to which it was impaired. *Id.* Loss of past earning capacity is the plaintiff's diminished capacity to earn a living during the period between the injury and the date of trial. *See* Strauss v. Continental Airlines, Inc., 67 S.W.3d 428, 435 (Tex.App.–Houston [1st Dist.]

4

2002, no pet.). In order to support such a claim, the plaintiff must introduce evidence from which a jury may reasonably measure in monetary terms his earning capacity prior to injury. *Id.* If the plaintiff's earning capacity is not totally destroyed, but only impaired, the extent of his loss can best be shown by comparing his actual earnings before and after his injury. McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710, 712 (1943). *See also Strauss*, 67 S.W.3d at 436. In determining whether evidence is sufficient, there is no general rule, and each case must be judged on its particular facts. *McIver*, 169 S.W.2d at 712.

In the present case, Scott's claim for loss of past earning capacity is based on a seventeen-month period between his injury, September 24, 2002, and his trial, February 17, 2004. Based on his business records, Scott testified his net income in 2002 was $65,405. He divided this figure by the number of weeks he worked in 2002 to determine that he earned approximately $1,525 per week in 2002. He also divided his net income in the year following his injury, $9,624, by the number of weeks he was able to work in 2003 and determined that he earned approximately $401 per week in 2003. Based on this evidence, a jury could have reasonably concluded that Scott's income was diminished by at least $101,701 in the seventeen-month period between the date of his injury and the date of his trial.[2] Although this figure represents Scott's potential lost earnings due to his injury, it is also indicative of his diminished earning capacity. *See id.*

---

[2]This amount can be reached by multiplying the amount Scott was capable of earning per week prior to his injury, $1,525, by the number of weeks from his injury until the time of his trial, approximately 73. This results of earnings of $111,325. Subtract the $9,624 Scott actually earned in 2003, and he is left with a difference in earnings of $101,701 over the seventeen-month period.

Smith and The Salvation Army contend this evidence by itself was insufficient to support a jury determination of loss of past earning capacity because Scott could not name one customer he turned down because of his injuries and could not describe how much more money he could have made but for his injuries. However, due to the unforeseeable nature of Scott's business, it is not clear whether this type of information was readily ascertainable at trial. More important, the only evidence Scott was required to present was evidence from which a jury could determine earning capacity prior to the injury in monetary terms. *Strauss*, 67 S.W.3d at 435. We find the comparison of Scott's weekly earnings from 2002 to 2003 was probative evidence in this regard and allowed the jury to reasonably conclude Scott's earning capacity was diminished in the amount of $75,000 over the seventeen-month period before trial. Furthermore, we do not find this evidence to be so weak as to be clearly wrong and manifestly unjust. Their second issue is overruled.

By their first issue, Smith and The Salvation Army contend there was no evidence, or factually insufficient evidence to support the award of $75,000 for future loss of earning capacity. We disagree.

Loss of future earning capacity is the plaintiff's diminished capacity to earn a living after the trial. Plainview Motels, Inc. v. Reynolds, 127 S.W.3d 21, 35 (Tex.App.–Tyler 2003, pet. denied). To support an award for damages for loss of future earning capacity, the plaintiff must introduce evidence sufficient to allow the jury to reasonably measure earning capacity in monetary terms. *Id.* at 35-36. Because the amount of money a plaintiff might

6

earn in the future is always uncertain, the jury has considerable discretion in determining this amount. *McIver*, 169 S.W.2d at 712.

Smith and The Salvation Army maintain the evidence presented in the present case was insufficient because Scott said he would rely on the good judgment of the jury to determine any compensation for loss of future earning capacity. Scott, on the other hand, directs us to the evidence of his weekly earning capability. We find this evidence was sufficient to allow the jury to reasonably conclude Scott's future earning capacity was diminished in the amount of $75,000. Furthermore, Dr. Berg testified by video deposition regarding the extent of Scott's injury and the permanent restrictions on the affected shoulder. There was also testimony by Scott, his wife, and an acquaintance regarding how the injury affected Scott's stamina, ability, and desire to perform as he had prior to the collision. We find all of this testimony to be more than a scintilla of evidence regarding his diminished capacity to earn a living in the future and not so weak as to be clearly wrong and unjust. Smith and The Salvation Army's first issue is overruled.

Accordingly, the trial court's judgment is affirmed.

Don H. Reavis
Justice

7